# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 17-875V

### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
E.M., a minor, by his Mother and Natural,     *      Special Master Corcoran
guardian, BRANDY MCCOY,                        *
                                               *      Filed: April 2, 2018
                  Petitioner,                  *
         v.                                    *      Petitioner's Motion for a Decision;
                                               *      Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                            *      Act; Denial Without Hearing.
AND HUMAN SERVICES,                            *
                                               *
                  Respondent.                  *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Clifford John Shoemaker*, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.

*Traci Patton*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 27, 2017, Brandy McCoy filed a petition, on behalf of her minor son, E.M., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the human papilloma virus ("HPV") vaccines that E.M. received on July 31, 2014 and November 10, 2014, caused him to suffer from transverse myelitis. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records in July 2017, the parties filed the Joint Statement of Completion on November 17, 2017. ECF No. 11. Thereafter, Respondent filed a Rule 4(c) Report on January 16, 2018, contesting Petitioner's right to damages based upon a review of the medical records, and raising the claim's lack of reasonable basis. (ECF No. 13).

I subsequently held a status conference and issued an order directing Petitioner to file an expert report by March 30, 2018. On the day of that deadline, however, Petitioner filed a motion to dismiss her claim, indicating her determination that she will be unable to prove that she is entitled to compensation. ECF No. 14.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of E.M.'s vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). A petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record of either kind for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

2